UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| BARBARA LIMEBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:16-cv-00132-TWP-DML |
| | ) | |
| KROGER LIMITED PARTNERSHIP I, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON JURISDICTION**

On July 8, 2016, Defendant, Kroger Limited Partnership I, filed a notice of removal which fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The notice of removal alleges federal jurisdiction based upon diversity of citizenship. However, the notice of removal fails to sufficiently allege the citizenship of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

To begin, the notice of removal neither sufficiently identifies the members of Kroger Limited Partnership I nor adequately alleges their citizenship. (Filing No. 1.) In addition, the Defendants alleged the Plaintiff's citizenship "on information and belief." (*Id*.) However, allegations made upon information and belief are not sufficient to allow the Court to determine whether diversity jurisdiction exists. Instead, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement

made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

To remedy these deficiencies, the Defendant must file a supplemental jurisdictional statement to sufficiently establish this Court's jurisdiction over this case. The Defendant's statement must accurately identify the members of Kroger Limited Partnership I and articulate its citizenship. In addition, the Defendant must remedy the basis for its jurisdictional allegations. The Defendant's supplemental jurisdictional statement is due **fourteen (14) days** after the date of this entry.

**SO ORDERED.**

Date: 7/18/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

M. Trent Spurlock
DINSMORE & SHOHL LLP (Louisville)
trent.spurlock@dinsmore.com

Kenneth G. Doane, Jr.
DOANE LAW OFFICE, LLC
ken@doane-law.com